**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IMMERVISION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 21-1570-MN-CJB |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| APPLE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT APPLE INC.'S ANSWER**
**TO PLAINTIFF IMMERVISION, INC'S COMPLAINT**

Apple Inc. ("Apple") hereby responds to the Complaint filed by Plaintiff ImmerVision, Inc. ("ImmerVision") as follows.

**NATURE OF ACTION**

1.      Apple admits that the Complaint purports to state a claim of infringement of U.S. Patent No. 10,795,120 ("the '120 Patent" or "the Asserted Patent"). Apple denies that it has committed any acts of infringement.

**PARTIES**

2.      Apple lacks information sufficient to form a belief as to the allegations of Paragraph 2, and on that basis, denies them.

3.      Apple admits that it is a corporation organized and existing under the laws of the State of California. Apple further admits that it operates a retail store at 125 Christiana Mall in Newark, DE.

**JURISDITION AND VENUE**

4.      Apple admits that the Complaint purports to state a cause of action for alleged patent infringement and that actions for patent infringement arise under Title 35 of the United

States Code. Apple denies that the cited sections, including 35 U.S.C. §§ 284 and 285, apply to this action.

5.      Apple admits the allegations of Paragraph 5 of the Complaint.

6.      Apple admits that it is subject to specific personal jurisdiction in Delaware, for the purposes of this case only. Apple denies that it has committed or is continuing to commit acts of infringement, whether in this District or elsewhere.

7.      For the purposes of this case only, Apple does not contest that venue is proper in this District pursuant to 28 U.S.C. § 1400(b), but denies that venue in this District is convenient or in the interests of justice pursuant to 28 U.S.C. § 1404(a). Apple denies that it has committed acts of infringement and further denies any remaining allegations of Paragraph 7.

## FACTS

8.      Apple lacks information sufficient to form a belief as to the allegations of Paragraph 8, and on that basis, denies them.

9.      Apple admits that U.S. Patent Application No. 16/432,180 was filed on June 5, 2019, is titled "Miniature Wide-Angle Imaging Lens", and lists on its face the names in Paragraph 9. Apple lacks information sufficient to form a belief as to the remaining allegations of Paragraph 9, and on that basis, denies them.

10.     Apple admits that U.S. Patent Application No. 16/432,180, on its face, recites a claim of priority to U.S. Patent Application No. 15/384,900, filed December 20, 2016; U.S. Provisional Patent Application No. 62/298,795, filed February 23, 2016; and U.S. Provisional Patent Application No. 62/387,409, filed December 23, 2015. Apple denies that these claims are legally proper or that any claim of the '180 Application is entitled to the benefit of the filing date of any of the other applications listed in Paragraph 10.

11.    Apple lacks information sufficient to form a belief as to the allegations of Paragraph 11, and on that basis, denies them.

12.    Apple admits that the '120 Patent was issued on October 6, 2020. Apple further admits that a document appearing, on its face, to be a copy of the '120 Patent was attached to the Complaint as Exhibit A.

13.    Apple denies that the '120 Patent is valid or enforceable. Apple admits that the '120 Patent will expire no later than December 20, 2036.

14.    Apple lacks information sufficient to form a belief as to the allegations of Paragraph 14, and on that basis, denies them.

15.    Apple denies the allegations of Paragraph 15.

## COUNT I – INFRINGEMENT OF THE '120 PATENT

16.    Apple incorporates its responses to Paragraphs 1 through 15.

17.    Apple admits that patent claims duly issued by the United States Patent and Trademark Office are presumed valid under 35 U.S.C. § 282. Apple denies that any claim of the '120 Patent is valid or enforceable.

18.    Apple denies the allegations of Paragraph 18.

19.    The Complaint's allegations relating to "the same ultra wide lens apparatus" are too vague to be reasonably susceptible of a response. Apple, therefore, lacks information sufficient to form a belief as to the allegations of Paragraph 19, and on that basis, denies them.

20.    The Complaint's allegations relating to "the same ultra wide lens apparatus" are too vague to be reasonably susceptible of a response. Apple, therefore, lacks information sufficient to form a belief as to the allegations of Paragraph 20, and on that basis, denies them.

21.     The Complaint's allegations relating to "the same ultra wide lens apparatus" are too vague to be reasonably susceptible of a response. Apple, therefore, lacks information sufficient to form a belief as to the allegations of Paragraph 21, and on that basis, denies them.

22.     The Complaint's allegations relating to "the same ultra wide lens apparatus" are too vague to be reasonably susceptible of a response. Apple, therefore, lacks information sufficient to form a belief as to the allegations of Paragraph 22, and on that basis, denies them.

23.     Apple denies the allegations of Paragraph 23.

24.     Apple denies the allegations of Paragraph 24.

## JURY DEMAND

25.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple hereby demands a trial by jury of all issues so triable.

## RESPONSE TO IMMERVISION'S PRAYER FOR RELIEF

To the extent that a response to ImmerVision's Prayer for Relief is required, Apple denies that ImmerVision is entitled to any form of relief whatsoever, whether in the form requested in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Apple sets forth the following defenses to the claims set forth in the Complaint. Apple undertakes the burden of proof only with respect to those defenses where that burden rests with Apple by law.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

The Complaint fails to state facts sufficient to state any claim against Apple for which relief may be granted, at least because the Complaint fails to plead facts sufficient to show infringement—whether direct or indirect and whether literal or under the doctrine of equivalents.

4

## SECOND DEFENSE – NON-INFRINGEMENT

Neither Apple nor any of its actions or products infringe any asserted claim of the '120 Patent, whether directly or indirectly, and whether literally or under the doctrine of equivalents.

## THIRD DEFENSE – INVALIDITY

Each asserted claim of the '120 Patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH DEFENSE – FAILURE TO MARK

ImmerVision's claims against Apple for recovery are barred, in whole or in part, by 35 U.S.C. § 287.

## FIFTH DEFENSE – NO ENTITLEMENT TO INJUNCTION

An injunction is improper in this case because, among other reasons, ImmerVision has not suffered irreparable harm, and the balance of hardships and public interest do not favor an injunction.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Apple hereby gives notice that it reserves the right to supplement, amend, or modify its Answer to rely upon any other matter constituting an avoidance or affirmative defense, including but not limited to estoppel, waiver, unclean hands, and other equitable defenses, as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, as may be permitted by the Court or the Federal Rules of Civil Procedure, as its investigation continues, and as discovery may require.

## JURY DEMAND

Apple demands trial by jury of all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for the following judgment and relief against ImmerVision on the Complaint:

1.      Judgment against ImmerVision and in favor of Apple on Count I of ImmerVision's

Complaint;

2.      An award to Apple of its costs of suit incurred herein; and

3.      Such other relief, in law or equity, as this Court deems just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: */s/ David E. Moore*
    David E. Moore (#3983)
Michael T. Pieja
    Bindu A. Palapura (#5370)
Doug Winnard
    Brandon R. Harper (#6418)
Shaun Zhang
    Hercules Plaza, 6th Floor
Jennie Hartjes
GOLDMAN ISMAIL TOMASELLI BRENNAN
    1313 N. Market Street
  & BAUM LLP
    Wilmington, DE  19801
200 South Wacker Drive, 22nd Floor
    Tel:  (302) 984-6000
Chicago, IL  60606
Tel:  (312) 681-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    bharper@potteranderson.com
Dated:  April 14, 2022
10109108 /52514

*Attorneys for Defendant Apple Inc.*